[Civ. No. 1711. Second Appellate District.—February 28, 1916.]

E. WILSON, Respondent, v. R. P. SHEA et al., Defendants; C. E. COOPER et al., Appellants.

CONTRACT—BENEFIT OF THIRD PARTY—ENFORCEMENT.—In order to sustain an action for the enforcement of a contract made for the benefit of a third person there must have been an intent clearly manifested on the part of the contracting parties to make the obligation inure to the benefit of the third party, or, as declared in section 1559 of the Civil Code, the contract must be one "made expressly for the benefit of a third person."

ID.—INCIDENTAL BENEFIT.—When two persons, for a consideration sufficient as between themselves, covenant to do some act which, if done, would incidentally result in the benefit of a mere stranger, that stranger has not a right to enforce the covenant, although one of the contracting parties might enforce it as against the other.

ID.—PURCHASE OF CONTRACT RIGHTS IN REAL PROPERTY—GUARANTY CONTRACT — ADDENDUM — ENFORCEMENT BY PURCHASER.—A purchaser of contract rights in certain real property, who was given a guaranty contract signed alone by the original owner of such rights guaranteeing the securing of a good title to the property, has no right of action against certain other persons, who were to share the commissions on the sale, and who, at the request of the signer of the guaranty, after its execution and delivery to the purchaser, signed an addendum to a copy thereof, which recited that the responsibility of the guaranty was shared by the signers with the original guarantor in proportion to the amount of the commission on the sale which each received, where it is made to appear that such purchaser did not rely upon such addendum clause and had no knowledge of its existence until several months after the purchase.

ID.—ACTION ON CONTRACT—APPEAL BY SIGNERS OF ADDENDUM CONTRACT—SERVICE OF NOTICE—ORIGINAL GUARANTOR NOT AN ADVERSE PARTY.—In an action brought by the purchaser against the original guarantor and signers of the addendum contract, wherein judgment was rendered for the full amount of the guaranty against the former and against the latter in such proportions as the amounts of their commissions bore to the whole amount of the guaranty, it is not necessary upon the taking of an appeal from the judgment by the signers of the addendum contract, that the original guarantor be served with notice of the appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

O'Melveny, Stevens &. Millikin, Walter K. Tuller, and Alex Macdonald, for Appellants.

George E. Cryer, for Respondent.

JAMES, J.—Appeal taken by defendants C. E. Cooper and Robert Marsh from a judgment entered against them, and from an order denying their motion for a new trial.

At a time anterior to the commencement of this action defendant R. P. Shea held contract rights in certain real property located in the city of Los Angeles. He exchanged these rights with one Vance for an automobile. At a later date Vance desired to dispose of the interest thus acquired in the real estate. Shea and Cooper at that time were both employed with Robert Marsh & Co., realty brokers. Under their contract of employment commissions earned on property sold were divided as follows: Shea, ten per cent; Cooper, fifty per cent; Robert Marsh, forty per cent. Vance being a friend of Shea's and having purchased the contract rights in the lots from the latter, submitted to the firm mentioned his proposition to rid himself of his interest in the real estate. A purchaser was found in the person of one Mrs. Looney, the assignor of the plaintiff. The agent who represented Mrs. Looney, realizing that there might be a question regarding the title which it was possible to obtain under the contracts, insisted that a guaranty contract be given, which contract was furnished by defendant Shea. This contract guaranteed that a good title would be secured within one year, in default of which Shea agreed in writing that upon notice of the fact being furnished him, he would pay to Mrs. Looney the sum of $1,318, and take back an assignment of Mrs. Looney's interest in the lots. There was a commission paid on the deal amounting to the sum of $560, which came into the hands of Robert Marsh & Co., to be divided among Shea, Cooper, and Marsh in the proportions hereinbefore mentioned. This commission was so divided. Some time after the execution and delivery of the guaranty contract signed by Shea, a copy thereof was presented to Cooper and Marsh. Shea had added a postscript to which he secured the signatures of Cooper and Marsh, which postscript was worded as follows: "It is hereby agreed that the responsibility of this guarantee

is shared by Robert Marsh & Co. and C. E. Cooper with R. P. Shea, said responsibility being prorated in accordance with commission paid.'' This addendum was not made upon the original guaranty; in fact was not contemplated to be made at all by Mrs. Looney, and was not of any influence in furthering the deal as made with her. Mrs. Looney's agent testified with reference to the closing of the transaction as follows: ''In order to close this deal, I required Mr. Shea to give the written guaranty introduced in evidence here. I was satisfied to take the written guaranty of R. P. Shea solely and individually, and I did so, and I closed the deal upon that understanding.'' This witness testified that it was several months after the closing of the transaction that he learned of the making of the addendum. However, at the end of the year Mrs. Looney was unable to secure good title to the lots purchased from Vance, and this suit was brought by her assignee against Shea on the guaranty, Cooper and Marsh being joined by reason of the alleged liability which accrued against them under the ''postscript'' contract. The trial judge entered judgment for the full amount of the guaranty, to wit, $1,318, against Shea, and against the appellants Cooper and Marsh in such proportions of the total amount of the guaranty as the amounts of commission paid to them bore to such whole amount. No appeal was taken on the part of defendant Shea. The appellants here, Cooper and Marsh, contend that no right of action existed in favor of Mrs. Looney or her assignee, as against them under the addendum contract, for the reason that they at no time contracted any liability in favor of Mrs. Looney. The judgment as against these appellants, if sustained, must be sustained wholly by reason of the provisions of section 1559 of the Civil Code. That section provides as follows: ''A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it.'' This section is but an expression of the rule established by the majority decisions of the courts of the United States, permitting an action to be brought against a person by a party in whose benefit such person may have contracted with another. The rule of the decisions is clear to the point that in order to sustain such an action there must have been an intent clearly manifested on the part of the contracting parties to make the obligation inure to the benefit of the third party.

As our code declares, the contract must be one "made *expressly* for the benefit of a third person. . . . " A right in the third party to enforce a contract which may be of incidental benefit to him has never been admitted. Some of the decisions have gone so far as to declare that such third party must be the one solely and exclusively benefited by the contract. (See 3 Page on Contracts, sec. 1312, and cases cited thereunder.) Our own supreme court in the case of *Chung Kee* v. *Davidson,* 73 Cal. 522, [15 Pac. 100], has adopted the rule of the New York decisions, and said: "When two persons, for a consideration sufficient as between themselves, covenant to do some act which, if done, would incidentally result in the benefit of a mere stranger, that stranger has not a right to enforce the covenant, although one of the contracting parties might enforce it as against the other." On the face of the writing which was signed by Cooper and Marsh it is not made to appear that the intent of these appellants was to assume responsibility to Mrs. Looney on account of the guaranty, but rather that their contract was one of a kind of indemnity given for the protection of Shea. If there is any doubt which a court might be left in respecting that matter, it would be one, we apprehend, which should be resolved against any right in the plaintiff to sue these appellants. Attention has already been called to the fact, not disputed in evidence, that Mrs. Looney did not rely upon the guaranty of these appellants, and that she had no knowledge of the existence of the contract until months had elapsed after the closing of her deal. Shea, it appears, desired to be protected and insisted upon the addendum being made, not for Mrs. Looney's benefit, but for his own security. His testimony to the effect that in his oral conversations with Cooper and Marsh they arrived at the agreement to share the liability in the proportions as the commissions were to the total amount mentioned in the main contract, does not militate at all against the views which we have expressed as to the rights of Mrs. Looney or her assignee in the matter. The testimony offered on the part of the appellants, even upon that question, was directly in contradiction of Shea's assertion, the appellants insisting that their agreement was only to return to Shea the amount of the commission received by them, in the event that he was compelled to make good on his guaranty with Mrs. Looney. In view of the fact that Shea had been

the original owner of the contract rights in the lots and that he was the person who sold them to Vance and received a consideration in that transaction, it would seem quite natural that Shea would have the largest interest in the transaction on account of his possible liability to Vance by reason of failure of title to the real estate. However, upon this branch of the case, a conflict of evidence precludes us from taking issue with the determination made by the trial judge.

It was not necessary that Shea be served with notice of the appeal taken in this action. Plaintiff has a judgment for the full amount of her claim against Shea, and this judgment will not be disturbed by granting a new trial as to these appellants. Defendant Shea, therefore, is not such an adverse party as to require service to be made upon him in order to effectuate the appeal. (*Robson* v. *Superior Court,* 171 Cal. 588, [154 Pac. 8].)

For the reasons first given, the judgment and order are reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 23, 1916.