[Civ. No. 16804. Second Dist., Div. Two. June 9, 1949.]

HELEN CHAMBERLIN, Appellant, v. CITY OF LOS ANGELES et al., Defendants; AMERICAN AUTOMOBILE INSURANCE COMPANY et al., Respondents.

Edward Raiden for Appellant.

R. S. Harrington for Respondents.

McCOMB, J.—From a judgment in favor of defendant insurance companies predicated upon the sustaining of their demurrer to plaintiff's complaint as amended in an action to recover upon a contract of indemnity insurance, plaintiff appeals.

FACTS: The Los Angeles Municipal Code provided that an applicant in order to place benches on streets in the city of Los Angeles must, as a condition precedent to the issuance of a permit, post and maintain with the city a surety bond or policy of public liability insurance conditioned as follows:

"(b) The bond or policy shall be conditioned that the permittee will indemnify and save harmless the City of Los Angeles, its officers and employees from any and all loss, costs, damages, expenses or liability which may result from or arise out of the granting of the permit, or the installation or maintenance of the bench for which the permit is issued and that the permittee will pay any and all loss or damage that may be sustained by any person as a result of, or which may be caused by or arise out of such installation or maintenance."

Defendant California Bench Company, in compliance with the foregoing provision and in order to obtain a permit from defendant city to place benches upon the public streets, posted a bond with defendant municipality conditioned to, "Pay any and all loss or damage that may be sustained by any person as

a result of, or which may be caused by or arise out of such installation or maintenance." This bond was issued by defendant American Associated Insurance Companies through its affiliate, American Automobile Insurance Association, Incorporated.

Thereafter defendant California Bench Company placed a bench on a street corner in the city of Los Angeles where persons waiting for a bus might be seated. A hole or depression developed in front of the bench. Plaintiff, a woman 70 years of age stepped into it, fell and suffered a fracture of the femur. Plaintiff instituted the present action naming the city, the bench company and the insurance companies as defendants. The insurance companies demurred on the ground that no action will lie against an indemnity insurance company on its bond until final judgment has been obtained against the assured, which demurrer was sustained.*

QUESTION: *Can plaintiff, as one of the general public, maintain a suit against the defendant insurance companies on their undertaking with defendants California Bench Company and city of Los Angeles without first procuring a judgment against the city and/or defendant California Bench Company?*

This question must be answered in the negative, and is governed by these rules:

■ 1. An intent to make an obligation inure to the benefit of a third party must clearly appear in a contract of insurance and if any doubt exists it should be construed against such intent. (*Van DerHoof* v. *Chambon*, 121 Cal.App. 118, 131 [8 P.2d 925].)

■ 2. In the absence of a provision in the contract of insurance or ordinance pursuant to which the contract is issued making the obligation inure to the benefit of a third party, it is a condition precedent to any action against the insurer that a final judgment be obtained against the assured. (*Girard* v. *Commercial Standard Ins. Co.*, 66 Cal.App.2d 483, 489 [152 P.2d 509]; *Van DerHoof* v. *Chambon, supra*. See, also, *Criss* v. *United States Fidelity & Guaranty Co.*, 105 W.Va. 380 [142 S.E. 849, 850].)

■ Applying the foregoing rules to the facts of the instant case there is not any language in the ordinance or in the policy

---

*In her brief plaintiff has waived the allegation in her pleading that the bond inures by its terms to the benefit of all persons suffering loss or damage as a result of the maintenance and installation of said bench, and consents to a decision as if the complaint alleged a bond in the language of the ordinance.

of insurance here involved providing that the insurance shall inure to the benefit of plaintiff or to the public generally. Therefore, under rule (1) *supra*, the undertaking did not inure to plaintiff's benefit and she was not entitled to maintain an action against defendant insurance companies under rule (2), *supra*, until she had obtained a final judgment against one of the assured.

Since she had not obtained such a judgment the complaint as amended failed to state a cause of action against either insurance company. Hence the demurrer was properly sustained. This result is fair and equitable to all parties concerned since it is presumed that a judgment obtained against the city or the bench company will be paid and defendant insurance companies will abide by the terms of their contract and reimburse the insured for their loss, thus avoiding the necessity of the insured's instituting an action to enforce the obligation created by the insurance policy and saving defendant insurance companies the expense of defending unnecessary litigation.

*Milliron* v. *Dittman*, 180 Cal. 443 [181 P. 779], and other cases relied on by plaintiff are factually distinguishable from the instant case for the reason that in such cases either the bond or an ordinance pursuant to which it was given specifically provided that it be conditioned to inure to, and be for the protection of, anyone who should sustain any damage or injury. Such was not the situation in this case.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 4, 1949.