[Civ. No. 17266.   First Dist., Div. Two.   July 26, 1957.]

LAWRENCE J. SPENCER et al., Appellants, v. STATE
FARM MUTUAL AUTOMOBILE INSURANCE COM-
PANY (a Corporation) et al., Respondents.

Quill & Shelton for Appellants.

Berry, Davis & Channell for Respondents.

LERNHART, J. pro tem.*—Appeal from judgment sustaining demurrer without leave to amend. The complaint alleged that: in 1952 plaintiff Lawrence J. Spencer was injured in a collision of his car and one driven by John H. Fortney. Action was commenced against John H. Fortney as operator and his wife, Eleanor Fortney, as owner. Mr. Fortney was not served with summons. The action resulted in judgment against Mrs. Fortney for $5,000, the maximum recoverable upon her liability as owner only. That judgment was paid in full. The insurer defendant in the present case defended Mrs. Fortney in the personal injury action, but, despite demand by plaintiffs, refused to appear for Mr. Fortney, who had not been served.

The complaint in the present action names as defendants the insurer of the Fortneys, and the "general manager" of that insurer. The complaint alleges that on the day of the accident there was in force a policy of defendant insurer which "insured said John H. Fortney and Eleanor Fortney against liability," with policy limits "customarily designated . . . as 'Ten and Twenty Thousand.' " The complaint quotes but a portion of this policy, as follows:

"II. DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS.

"As respects the insurance afforded by the other terms of this policy under coverages A and B the company shall:

"(a) defend any suit against the insured alleging such injury, sickness, disease, or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;"

The complaint is in two causes of action, one in contract and one for negligent failure to defend John Fortney. After twice sustaining demurrers with leave to amend, the court sustained the demurrer to this second amended complaint without such leave. Plaintiffs appeal from the ensuing judgment.

Appellants argue that under its policy, as pleaded, respondent insurer agreed to defend Fortney against any suit, even if groundless, false or fraudulent. It follows, they say, that it is liable to the parties injured by Fortney for failure to

*Assigned by Chairman of Judicial Council.

defend Fortney against their claims. On its face, this argument is confusing and contradictory. Fortney was never served with summons. Thus, the duty to appear and defend did not devolve upon him. Yet, say appellants, this duty did in some unexplained way fall upon the insurer, whose duty very apparently was to act only for Fortney in defending.

By express provision of our statute, an insurer must answer directly to the person injured after judgment has been secured against the insured. (Ins. Code, § 11580.) That right, of course, is not involved here.

Lacking such judgment, the injured third person can proceed directly against the insurer only where the policy, or the statute or ordinance pursuant to which it is issued, inures to the benefit of third parties. (*Chamberlin* v. *City of Los Angeles,* 92 Cal.App.2d 330 [206 P.2d 661].) The intent that the policy so inure ". . . must clearly appear in a contract of insurance, and if any doubt exists it should be construed against such intent." (*Chamberlin* v. *City of Los Angeles, supra; Van der Hoof* v. *Chambon,* 121 Cal.App. 118 [8 P.2d 925].) Appellants' complaint sets forth no language of the policy in any way indicating that it is for the benefit of third parties. Thus, appellants have pleaded no right under the contract of insurance.

The count alleging negligent failure to defend Fortney must fail unless the facts pleaded show some duty of care owing to appellants. As demonstrated, such duty cannot be based upon the provisions of the policy. No statute imposing such duty is cited. Appellants suggest that "voluntary assumption of a duty by affirmative conduct creates the duty to use due care in performing the assumed task." They fail, however, to point to any allegation of assumption of any duty to them on behalf of Fortney. It is clear that respondents consistently refused to assume any duty to defend Fortney in the absence of service of summons upon him. Assumption of the clear duty to defend Mrs. Fortney, who was served, cannot be relied upon to establish an obligation to appear for the party not served.

Appellants have twice amended their complaint. The affirmative allegations, as well as the omissions, of their second amended complaint make plain the lack of a cause of action. The trial court did not abuse its discretion in sustaining the demurrer without leave to amend.

Judgment affirmed.

Dooling, Acting P. J., and Draper, J., concurred.