[Civ. No. 9280.   Fourth Dist., Div. Two.   July 16, 1969.]

MICHAEL GERRARD GIBBONS, a Minor, etc., Plaintiff and Appellant, v. TRAVELERS INSURANCE COMPANY, Defendant and Respondent.

---

Grisham & Cawyer, Grisham, Lones, Vandenberg & Nott and Jack E. Grisham for Plaintiff and Appellant.

Jacobs, Jacobs, Nelson & Witmer, Jacobs, Jacobs, Nelson, Witmer & Smith and Paul B. Witmer, Jr., for Defendant and Respondent.

McCABE, P. J.—Appeal from a judgment of dismissal entered by the Superior Court in and for the County of Orange, following the failure of the plaintiff to amend the complaint after a general demurrer to the complaint was sustained with leave to amend.

On or about November 7, 1964, Michael Gerrard Gibbons, slightly over three years of age, received a physical injury. Michael was standing directly in front of his parent's home; some older children were playing a type of ball game in the street. One of the children, Chuck Stoddart, ran from the street onto the sidewalk, struck Michael with great force and knocked him to the ground, causing a severe head injury. Michael was thereafter hospitalized and X-rays showed evidence of an occipital fracture of the skull. There was presence of a left Babinsky indicating a significant right pyramidal tract irritation. Further examination showed significant difficulty with his balance displaying marked trunkal atoxia. Neurosurgical consultation confirmed a severe cranio-cerebral injury with a fracture of the skull and clinical manifestations pointing towards a contusion of the cerebellum of the brain stem.

At the time of the accident, Chuck Stoddart was also a minor, living with and under the control and direction of his parents, Charles M. Stoddart and Mary C. Stoddart. The Stoddarts were the holders of a policy of liability insurance issued by Travelers Indemnity Company (Travelers). The plaintiff's father, Gary W. Gibbons, made inquiry concerning possible insurance coverage regarding the injuries suffered by his infant son and was referred to the representatives of Travelers. On or about October 23, 1965, Gary W. Gibbons, the father of the infant, Michael, signed a petition for compromise of disputed claim of minor under section 1431, Probate Code. The petition contains the following language:

"13. Petitioner (Plaintiff's father, Gary W. Gibbons) is informed and believes that said minor has completely recovered from the effects of said injuries and that there is no permanent injury . . .

"14. Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to said acci-·dent, the responsibility therefor, and the nature, extent and seriousness of said minor.'s injuries. Petitioner fully understands that if the compromise herein proposed is approved by the court and is consummated, said minor will be forever barred and prevented from seeking any further recovery of compensation even though said minor's injuries might in the future prove to be more serious than they are now thought to be.

"15. Petitioner hereby recommends this compromise settlement to the court as being fair, reasonable, and in the best interests of said minor."

On November 2, 1965 the petition for compromise was filed in the Orange County Superior Court, pursuant to Probate Code, section 1431, by the law firm of Martin and Stamp. On November 24, the petition for approval of the compromise settlement was heard; the superior court found "that the facts set forth in said petition are true," and ordered, inter alia, that the compromise be approved, and that upon the payment of the settlement sum, Charles M. Stoddart, Mary C. Stoddart and Chuck Stoddart "be fully and forever released and discharged of and from all claims, charges and demands of said minor arising from the accident mentioned in the said petition." The order of the court further stated that the petitioner (Gary Gibbons) was authorized and directed "to execute and deliver to said payor a full, complete and final release and discharge of and from any and all claims and

demands of said minor by reason of the accident described in said petition, and the resultant injuries and damages to said minor.'' This release from all claims of future liability was given in exchange for the sum of $1,281.50, of which $281.50 represented the cost of medical expenses previously incurred. The remaining $1,000 was ordered placed in trust for the benefit of the minor-plaintiff.

On March 3, 1967, Michael, then age six, was attending kindergarten. A routine examination by the school nurse revealed that plaintiff suffered from a hearing loss, and his parents were notified. Thereafter, Michael was examined by Dr. Godwin, a medical specialist whose practice is concerned with malfunctions of the ears, nose, and throat. Dr. Godwin was of the opinion that the hearing loss is permanent and that no treatment could be expected to effect any return of the lost capacity. He also stated that the impairment was consistent with the origin of the occipital skull fracture and cerebral concussion suffered in the November 1964 accident.

Thereafter, the Gibbons sought legal assistance in an effort to secure an adjustment of the claim of the minor on the theory that the compromise approved by the court as inadequate in view of the permanent hearing loss from which the plaintiff has been found to suffer. Efforts to arrive at a re-evaluation of the claim with Travelers were not successful, and on November 20, 1967, plaintiff filed a complaint for damages naming Travelers Insurance Company;[1] Mr. and Mrs. Stoddart and Chuck Stoddart, as defendants.

The complaint stated two causes of action: the first sounded in tort, alleging negligence against the Stoddarts. The second cause of action alleged that at the time the court had approved the settlement in November 1965, the parties to the proceeding were laboring under a mutual mistake of fact (i.e., the extent of Michael's injuries), and prayed that the 1965 court order approving the settlement be set aside. In the second cause of action it is alleged that the compromise petition was prepared and filed by Travelers' attorneys.

On January 29, 1968, Travelers filed a demurrer to the complaint on the grounds that (1) the complaint failed to state a cause of action upon which relief might be granted, and (2) Travelers was not a proper party to the suit. On March 4, 1968, the court made an order sustaining Travelers' demurrer to the complaint, granting plaintiff 15 days within which to amend his complaint. No such amendment was made,

---

[1]Defendant Travelers' true name is The Travelers Indemnity Company.

and on April 24, 1968, Travelers moved that the complaint be dismissed. The order of the court dismissing the complaint was entered on May 23, 1968. Notice of appeal from the judgment and order of dismissal was filed on June 3, 1968.

Plaintiff makes two general contentions in this appeal: (1) the court below erred in sustaining the demurrer of defendant Travelers inasmuch as the complaint states a cause of action; (2) the trial court erred in sustaining the demurrer of defendant Travelers inasmuch as Travelers was a proper party to the suit.

▮▮▮ Plaintiff's argument on their first contention is: the complaint acknowledges the existence of the 1965 order approving the settlement agreement. However, it also alleges that at the time that order was made, all parties, plaintiff, defendants and the court, were laboring under a mutual mistake of fact (i.e., the extent of plaintiff's injuries). The mutual mistake involved was one extrinsic to the action of the court in approving the settlement. Extrinsic mutual mistake of fact is a ground upon which a court may, at its discretion, set aside a prior judgment. Since the complaint alleged grounds upon which this obstacle to relief might be overcome, and inasmuch as the complaint was otherwise sufficient, it stated grounds upon which relief might be granted, and was hence impervious to attack by demurrer.

The validity of this contention rests upon two premises: (1) that mutual extrinsic mistake is a ground for setting aside a judgment which has become final (2) that the mistake here involved was, in fact, extrinsic. As to the first of these, appellant appears to be correct; extrinsic mutual mistake would seem to be a ground for setting aside a final judgment. (*Lopez* v. *Lopez*, 63 Cal.2d 735 [48 Cal.Rptr. 136, 408 P.2d 744]; *Westphal* v. *Westphal*, 20 Cal.2d 393 [126 P.2d 105].) However, plaintiff's argument would seem to founder on the second proposition, that the mistake which existed here was of the type labelled extrinsic.

In *Westphal* v. *Westphal, supra,* the Supreme Court set forth the general outlines of extrinsic mistake: "Fraud or mistake is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. [Citations.] If an unsuccessful party to an action has been kept in ignorance thereof [citations] or has been prevented from fully participating therein [citations] there has been no true adversary proceeding, and the judgment is open to attack at any time. A party who has been given proper notice of an action, however,

and who has not been prevented from full participation therein, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. [Citations.] Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court. Having had an opportunity to protect his interest, he cannot attack the judgment once the time has elapsed for appeal or direct attack. [Citations.]''

Thus *Westphal* stands for the proposition that extrinsic fraud or mistake is that which prevents the litigant from knowing he may have a day in court, or from presenting such argument as the litigant has prepared for himself. Extrinsic mistake is not concerned with the nature or quality of the presentation which the litigant can make, so long as he is given an opportunity to make it. This interpretation is born out of the holding in *Burch* v. *Hibernia Bank,* 146 Cal.App.2d 422 [304 P.2d 212]. In that case, the defendant bank misrepresented to plaintiff the status of the title to certain real property. Acting in reliance on this misrepresentation, plaintiff allowed a default judgment to be entered against him in a quiet title action instituted by the bank. After the judgment in that case had become final, plaintiff discovered defendant's misrepresentation and instituted a suit for damages. Defendant's demurrer to the complaint was sustained without leave to amend and a judgment entered. On appeal, the judgment below was affirmed. The appellate court stated: ''The concealment by a party of evidence which, if disclosed, would tend to overthrow his case is not extrinsic fraud. *Hogan* v. *Hogan,* 131 Cal.App.2d 281 . . . says (p. 284):

'It is settled in this state that a judgment will not be set aside because it is based upon perjured testimony or because material evidence is concealed or suppressed, that such fraud both as to the court and the party against whom judgment is rendered is not fraud extrinsic to the record for which relief may be had.' ''

The facts of the *Hibernia* case are similar to those of the case at hand. In both cases, the complainants were afforded opportunity to make their presentations to the court, but were unaware of certain facts which had a material bearing on the outcome of the actions. Under the doctrine of *Hibernia,* relief cannot be granted in the case at bench. (See also *Preston* v. *Wyoming Pac. Oil Co.,* 197 Cal.App.2d 517 [17 Cal.Rptr.

443] ; *Thiriot* v. *Santa Clara etc. School Dist.*, 128 Cal.App.2d 548 [275 P.2d 833].

The second basis of objection raised in the demurrer is that the complaint does not set forth any ground upon which Travelers would be directly liable to the plaintiff. Travelers' liability is purely derivative insofar as the pleadings reveal. It has been held that in the absence of a provision in a contract of insurance or ordinance pursuant to which the contract is issued making the obligation of the contract inure to the benefit of the third party, it is a condition precedent to any action against the insurer that a final judgment be obtained against the insured. (*Spencer* v. *State Farm Mut. Auto. Ins. Co.*, 152 Cal.App.2d 797 [313 P.2d 900] ; *Chamberlin* v. *City of Los Angeles*, 92 Cal.App.2d 330 [206 P.2d 661] ; see also *Zak* v. *State Farm etc. Ins. Co.*, 232 Cal.App.2d 500 [42 Cal.Rptr. 908].) Code of Civil Procedure, section 379, is not to the contrary, nor do sections 379a, 379b, or 379c alter this result. These latter sections authorize joinder only when there is some at least arguable basis for a claim of liability against a defendant. The complaint in this case does not allege any contractual provision or public ordinance making the benefits of the contract between Travelers and the Stoddarts inure directly to the benefit of plaintiff who asserts a claim against the Stoddarts. Thus, the rule of the *Chamberlin* and *Spencer* cases is applicable.

The trial court was correct in sustaining defendant Travelers' demurrer and in entering the judgment of dismissal. Judgment affirmed.

Kerrigan, J., and Tamura, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 24, 1969.