[L. A. No. 1915. Department Two.—February 15, 1908.]

**B. R. DAVISSON, Respondent, v. EAST WHITTIER LAND AND WATER COMPANY, Appellant.**

ACTION BY CONTRACTOR—COUNT FOR LABOR DONE AND MATERIALS FURNISHED—SUPPORT OF FINDING AND JUDGMENT.—In an action by a contractor to recover upon a first count for labor done and materials furnished by plaintiff's assignor in constructing and laying pipelines and building concrete boxes for defendant, *held* that there is sufficient evidence to support a finding for plaintiff on that count, notwithstanding conflicting evidence to the contrary, and the judgment rendered thereupon will be affirmed.

ID.—SECOND COUNT FOR EXTRA WORK—PROVISION FOR ARBITRATION—CONDITION PRECEDENT.—In respect of a second count in the com-

plaint for extra work, where the contract contains a provision that "should any dispute arise respecting the true value of the extra work done, . . . the same shall be valued by two competent persons, one employed by the owner, and the other by the contractor, and in case they cannot agree, these two to have power to name an umpire, whose decision shall be binding on all parties," such arbitration, or an unsuccessful attempt to secure the same, is a condition precedent, without which the count for extra work and a judgment thereupon cannot be sustained.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Harris & Swanwick, and Hunsaker & Britt, for Appellant.

John E. Daly, E. W. Freeman, and A. D. Laughlin, for Respondent.

THE COURT.—This is an action to recover the sum of $1,272.91 with interest upon the first count, for labor done and materials furnished by plaintiff's assignor in constructing and laying pipe-lines and building concrete boxes for the defendant corporation in the county of Los Angeles, for use in connection with its irrigating works; and upon the second count, to recover the further sum of $9,467.47, with interest, alleged to be due for similar work and materials furnished by plaintiff, principally in the construction of certain lateral pipe-lines in said county of Los Angeles and the county of Orange, for the defendant corporation. Judgment was rendered in the superior court in favor of plaintiff for the sum of four thousand dollars with interest and costs, and from the said judgment and an order refusing a new trial the defendant corporation appeals. The said sum of four thousand dollars, for which the trial court rendered judgment, comprises the full amount prayed for in the first count of the complaint, to wit,—the sum of $1,272.91, and the further sum of $2,727.09, awarded by the court upon the second count of said complaint, which was for extra work.

Several questions are involved in this appeal, which will be considered *seriatim,* as follows:—

1. Upon the first count in the complaint the finding of the trial court is as follows: "That between the first day of November, 1903, and the 11th day of March, 1904, plaintiff and J. F. Smith furnished materials and performed labor for the defendant at its special instance and request in constructing pipe-lines, building concrete boxes, and in laying and completing certain pipe-lines for the defendant in the county of Los Angeles, aforesaid, and that the defendant promised and agreed to pay to the plaintiff and said Smith therefor the sum of $1,272.91; that no part of said sum has been paid. . . . That plaintiff is entitled to judgment against defendant for the amount of said sum of $1,272.91," etc.

In our opinion appellant's contention that the above finding is not supported by the evidence cannot be maintained. Appellant claims that the sum of $1,272.91 awarded plaintiff by this finding was included in a payment of five thousand dollars made to the plaintiff by Mr. Stowell, an officer of the defendant company, on May 14, 1904. The plaintiff testifies on cross-examination as to this matter as follows:—

"I received eleven thousand three hundred and sixty-six dollars and eighty-two cents, which has been paid on the second cause of action at various times. It was not received all in one payment. The last payment of five thousand dollars was on May 14th, 1904. November 18th, 1903, I received five thousand dollars. This payment was for the second cause of action. I received the money from Mr. Stowell." The plaintiff might have gone further in his testimony on this subject, but this clear cut and positive statement will at least bring the case within the rule of this court that a finding will not be disturbed when there is a substantial conflict in the evidence, and is sufficient to sustain the finding of which the appellant complains.

2. Counsel for appellant contends that the plaintiff is not entitled to maintain his action as far as the second count of his complaint is concerned, and in that connection invokes the following provision contained in the contract annexed to and made a part of the defendant's amended answer to the complaint, and found by the court:

"Should any dispute arise respecting the true value of the extra work done, or works omitted, the same shall be valued by two competent persons, one employed by the owner and the

other by the contractor, and in case they cannot agree, these two to have power to name an umpire, whose decision shall be binding on all parties.''

In view of the conclusion at which we have arrived after a careful examination of the entire record, the effect of this provision becomes the most important matter remaining for consideration on this appeal. It becomes necessary, therefore, to determine the effect of the provision above set forth as to the valuation by arbitration of the extra work done. In *Holmes* v. *Richet,* 56 Cal. 307, [38 Am. Rep. 54], the contract before the court was practically identical, word for word, with the one here involved. After a review of the authorities, Morrison, C. J., says:—

''In view of the foregoing authorities, and the principle they announce, (which we believe to be correct), no right of action accrued to the contractor for the extra work done by him, until the same was valued, or some good and sufficient excuse for a failure to value the same in accordance with the agreement was shown. In this case no valuation was made, and no reason is shown for a failure to make such a valuation. We are, therefore, of the opinion that the contractor was not entitled to recover anything for extra work.'' The syllabus in *Holmes* v. *Richet,* 56 Cal. 307, [38 Am. Rep. 54], also contains a clear and concise statement of the legal principle contained in the opinion, which applies to the case at bar, as follows:—

''It now seems to be the settled law, that an agreement to refer a case to arbitration will not be regarded by the courts, and they will take jurisdiction and determine a dispute between parties, notwithstanding such agreement. But when the agreement is, that the covenantor shall pay such sum, and only such sum, as shall be determined by arbitrators, the procuring an award is as clearly a condition precedent to an action as if the parties had expressly so provided. So held, with reference to a contract for the construction of a building in which it was agreed, that should any dispute arise regarding the value of extra work, the same should be valued by arbitrators. . . . The distinction between the two classes of cases stated is, that in the former the parties undertake by an independent covenant or agreement to provide for an adjustment and settlement of all disputes and differences, to the exclusion of the courts; and in the latter, they merely, by the same agreement which creates

the liability and gives the right, qualify the right, by providing that, before any right of action shall accrue, certain facts shall be determined, or amounts and values ascertained; and this is made a condition precedent, either in terms or by necessary implication.'' (See, also, *Loup* v. *California Southern R. R. Co.*, 63 Cal. 103; *Scammon* v. *Denvo*, 72 Cal. 398, [14 Pac. 98] ; *Tally v. Parsons*, 131 Cal. 516, [63 Pac. 833] ; *Roche* v. *Baldwin*, 135 Cal. 522; [65 Pac. 459, 67 Pac. 903].) It may be said that, in the last case cited, Mr. Justice Henshaw filed a dissenting opinion, and Mr. Justice McFarland also dissented; but it should be stated that the facts presented in *Roche* v. *Baldwin* were widely at variance with those in the case at bar. In the former case the making of the agreement as to compensation was squarely denied and absolutely repudiated by Mr. Highton, the plaintiff's assignor. In the case at bar the record contains no showing whatever of any attempt upon the part of plaintiff to procure an award in conformity with the terms of the contract, prior to the bringing of his action, or at any other time, nor do counsel for the plaintiff and respondent mention the matter in any way in their brief replying to the argument of appellant. We are of the opinion, therefore, that the judgment should be reversed as to the amount awarded on the second count of the complaint, to wit, the sum of $2,727.09.

3. In view of the foregoing conclusions it is not necessary to discuss the remaining points made by counsel. It may be proper to state, however, that the judgment in favor of plaintiff is too great by the sum of one thousand dollars as shown by the judgment-roll, the mistake having occurred in the subtraction of the amount which the trial court found had been paid by the defendant, to wit, the sum of $11,366.82, from the amount found to be the reasonable value of materials furnished and labor done, to wit, the sum of $13,093.91, which difference or balance the court found to be the sum of $2,727.09, whereas it is plain that it should have been $1,727.09. However, this matter becomes immaterial in view of the conclusions we have reached; and, for the purpose of the present appeal, the same may be said of the contention raised by counsel as to the divisible nature of the contracts involved in the action, and the question as to whether the evidence in the trial court was sufficient to warrant the findings.

It is to be observed that this action was not brought to enforce a mechanic's lien, and that neither the action nor the defense is based, in any respect, on the Mechanics' Lien Law.

For the foregoing reasons the judgment appealed from is affirmed as to the amount involved in the first count of the complaint, to wit: the sum of $1,272.91, and interest thereon at the rate of seven per cent per annum from July 29, 1905, and reversed as to the sum of $2,727.09, awarded to plaintiff upon the second count of the said complaint. The order refusing to grant a new trial is affirmed as to the first count of the complaint, and is reversed as to the second count. The cause is remanded for a new trial as to the last count, the appellant to recover costs on this appeal.

Hearing in Bank denied.