[L. A. No. 12798.   In Bank.—February 1, 1935.]

H. D. CLOGSTON, Respondent, v. SCHIFF–LANG CO., INC. (a Corporation), Appellant.

G. V. Weikert for Appellant.

Andrew J. Copp, Jr., for Respondent.

THE COURT.—A hearing was granted in the case after decision by the District Court of Appeal, Second Appellate District, Division One. Upon further consideration we adopt the opinion of Mr. Justice Houser as the opinion of this court.   It reads as follows:

"Among the provisions of a contract that was entered into between plaintiff and defendant was the following:

" 'Any differences arising between the parties of this contract shall be settled by arbitration, and buyer shall accept goods with such allowance or award as shall be determined by such arbitration, each shipment to be considered separately.'

"Thereafter, 'differences' having arisen between the parties to the contract, without first having arbitrated such 'differences', and in the absence of any attempt so to do

on the part of plaintiff, he commenced an action in the superior court against defendant for damages, which plaintiff claimed he had sustained by reason of the alleged breach of the contract on the part of defendant.

"As far as the same is applicable to the facts herein, section 1280 of the Code of Civil. Procedure provides that: 'A provision in a written contract to settle by arbitration a controversy thereafter arising out of the contract . . . shall be valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract; . . . '

"By section 1284 of the Code of Civil Procedure it is provided that: 'If·any suit or proceeding be brought upon any issue arising out of an agreement providing for the arbitration thereof, the court in which such suit or proceeding is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration, shall stay the action until an arbitration has been had in accordance with the terms of the agreement; provided, that the applicant for the stay is not in default in proceeding with such arbitration.'

"Defendant demurred to the complaint in the action and, in accordance with the rules of the superior court, attached to said demurrer its memorandum of 'points and authorities' in which was contained the statement that: 'The complaint shows upon its face that there was an agreement in writing to arbitrate any differences arising under the contract sued upon, and there is no allegation that an arbitration has been had or that plaintiff has offered to submit to arbitration.' (Citing authorities.)

"The demurrer was overruled. In its sixth affirmative defense, defendant again pleaded the defense that the contract contained the provision hereinbefore set forth, and 'that in accordance with the said provision in said contract in writing, said defendant has offered in writing, to submit to arbitration the differences between plaintiff and defendant, arising out of said contract in writing, which differences are the subject matter of this action, but plaintiff has failed, neglected and refused, and still fails, neglects and refuses to submit the said differences or any of them to arbitration.'

"On the trial of the action, with reference to the issue of the right of arbitration, the trial court found 'that it is

not true that said contract provided for the settlement of any and/or all differences between the plaintiff and defendant arising out of said contract by arbitration *to the exclusion of the settlement of said differences by the courts of the state of California'.*

"From a judgment rendered in favor of plaintiff, defendant has appealed to this court.

"Although prior to the year 1927, at which time the statutes of this state with reference to the subject of 'arbitrations' were amended and new statutes added, it was generally held by our courts that an agreement such as was made by the parties to the instant action was not specifically enforceable, since the time when such amendments to the statutes became effective the trend of the rulings of this state uniformly has been to the effect that such a provision in a contract entitles each of its parties to insist upon its execution. (*Pacific Orient Co.* v. *Superior Court,* 203 Cal. 797 [262 Pac. 1117]; *Jardine, Matheson & Co.* v. *Pacific Orient Co.,* 100 Cal. App. 572 [280 Pac. 697]; *Landreth* v. *South Coast Rock Co.,* 136 Cal. App. 457 [29 Pac. (2d) 225].) And in those jurisdictions (especially in the state of New York) in which arbitration laws identical in character, if not in language, with those of this state have been the subject of consideration, the rulings thereon with reference to the point here at issue have been in accord with those announced by our appellate tribunals. (*Berkovitz* v. *Arbib & Houlberg,* 230 N. Y. 261 [130 N. E. 288]; *Red Cross Line* v. *Atlantic Fruit Co.,* 264 U. S. 109 [44 Sup. Ct. 274, 68 L. Ed. 582]; *Pacific Indemnity Co.* v. *Insurance Co. of North America,* 25 Fed. (2d) 930; *S. A. Wenger & Co.* v. *Propper Silk Hosiery Mills,* 239 N. Y. 199 [146 N. E. 203]; *American Eagle Fire Ins. Co.* v. *New Jersey Ins. Co.,* 240 N. Y. 398 [148 N. E. 562].)

"Even before the 1927 amendments to the arbitration statutes became effective, in the case of *Davisson* v. *East Whittier L. etc. Co.,* 163 Cal. 81, 83 [96 Pac. 88], it was held that a provision in a contract such as that in the instant case was enforceable; that (syllabus) 'such arbitration, or an unsuccessful attempt to secure the same, *is a condition precedent'* to the right to maintain an action for breach of the contract; and that in the absence of arbitration of, or any attempt on the part of the plaintiff to arbi-

trate, any contractual differences which had arisen between him and the defendant therein, in connection with an asserted cause of action, a judgment rendered in favor of the plaintiff in the action for a breach of the contract should be reversed.''

See, also, a comprehensive note on commercial arbitration in California, 17 California Law Review, 643.

The judgment is reversed.