[Civ. No. 17264. First Dist., Div One. June 25, 1957.]

RALPH HAGIN, Appellant, v. PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Respondent.

Haley, Schenone & Tucker for Appellant.

Richard H. Peterson and Malcolm H. Furbush for Respondent.

BRAY, J.—Plaintiff appeals from a portion of the judgment on an order granting summary judgment in favor of defendant, presenting solely the question of whether there were issuable questions of fact in the case.

## RECORD

The complaint contained two counts. However, the appeal applies only to the court's action on the first count. It sought recovery on a claim for unpaid wages allegedly due plaintiff by defendant, together with statutory penalties for wilful failure to pay said wages at the time of plaintiff's discharge. It alleged plaintiff's employment by defendant; that defendant had entered into a contract with the International Brotherhood of Electrical Workers, Local No. 1245, which contract was for plaintiff's benefit as a member in good standing. Plaintiff was discharged on March 3, 1954, at which time the sum of $455.44 became payable to him for wages under the terms of the contract. Plaintiff demanded payment. Defendant paid $409.01 of which latter amount $63 was not disputed as being due plaintiff, but was withheld until March 30, 1954. Defendant refuses to pay the balance of $46.43. The count asks judgment for $46.43 plus a penalty under section 203, Labor Code, of $723.78 (30 days wages).* Defendant answered, admitting plaintiff's employment and discharge but denying substantially all the other allegations of the complaint. As a separate defense defendant incorporated its collective bargaining agreement with the I.B.O. E.W. local and alleged that said agreement set forth the exclusive procedure to resolve grievances and disputes between defendant and the union's members; that at the time of plaintiff's discharge defendant paid plaintiff his wages in full after deductions had been made for board and lodging furnished plaintiff by defendant, which deductions defendant claimed were proper and which plaintiff claimed under section 301.1 of said agreement were improper; that there was thereby presented a dispute involving the agreement's interpretation; that defendant filed a grievance with the union concerning plaintiff's discharge; that pursuant to the agreement the union referred the grievance to the investigating committee; that said committee reached a decision that de-

---

*That section provides that for wilful failure to pay wages due an employee on discharge, the wages of the employee shall continue as a penalty from the due date thereof until paid or until an action therefor is commenced, not to continue for more than 30 days.

fendant was justified under said agreement in discharging plaintiff; that under said agreement said decision is binding on defendant, the union and plaintiff; that the grievance was processed through the several steps of the grievance procedure set forth in the agreement, up to the review committee; that before that committee could consider the grievance the union withdrew it, thereby ending the grievance.

Defendant accompanied its motion for summary judgment with the affidavit of its director of industrial relations in its personnel department, in which he stated that the collective bargaining agreement upon which plaintiff based his action established a grievance procedure for determining (a) interpretation of the terms of the agreement, (b) discharge of an employee, (c) whether or not a question is a proper subject for the grievance procedure, and then detailed the procedure taken in having the grievance with plaintiff processed to the point where after the joint grievance committee referred it to the review committee it was withdrawn "without prejudice." Plaintiff filed an affidavit giving the detail of his claim for wages. It showed that on discharge plaintiff demanded $498.37 which he claimed was due him. Defendant withheld $37.75 for room and board and only allowed $5.18 for expenses, paying defendant $383.76, leaving a balance of $114.61 claimed by plaintiff. Approximately 16 days after discharge defendant paid plaintiff $5.18 and plaintiff made several further demands for payment. Twenty-seven days after discharge defendant paid plaintiff an additional $63. Thus at the time of filing suit plaintiff had been paid all of his claims except $46.43. Admittedly this sum is for expenses which plaintiff claims he is entitled to under the collective bargaining agreement and which defendant denies he is entitled to thereunder. Plaintiff further states that he filed a claim for the amount due him with the Division of Labor Law Enforcement, which dismissed it without prejudice. The affidavit stated plaintiff had not requested the union to act and that when he found out that the union had made the withholding of his wages the subject of a grievance, he wrote the union that he would not be bound by any decision rendered. The union thereupon withdrew the grievance. Plaintiff did not deny the statements in defendant's affidavit as to the matters required by the agreement to be submitted to the grievance committee. He could not because section 102.6 of the agreement so provides.

### Necessity To Submit Grievance

The rule stated in *Williams* v. *Pacific Elec. Ry. Co.,* 147 Cal.App.2d 1, 3 [304 P.2d 715], seems to be well settled in California. That rule is: "It has been held in cases involving collective bargaining agreements that when it is provided that a dispute *may* be referred to arbitration, either party has an option to arbitrate if he so desires but, should he desire to litigate, he must first submit to arbitration and exhaust that remedy." See also *Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558 [277 P.2d 464], where as here the complaint and the affidavits showed (p. 562) "that plaintiff and the union on her behalf have failed and neglected to pursue and exhaust the remedies given by the collective bargaining agreement, namely, the grievance and arbitration procedures provided therein, and that the company was in no way in default or at fault in this regard." The reviewing court upheld the granting of a summary judgment against the plaintiff. The court stated (p. 563): "It is the general rule that a party to a collective bargaining contract which provides grievance and arbitration machinery for the settlement of disputes within the scope of such contract must exhaust these internal remedies before resorting to the courts in the absence of facts which would excuse him from pursuing such remedies."

The right to the unpaid $46.43 for expenses depends entirely upon the proper interpretation of the collective bargaining agreement. The right to a penalty under section 203 depends primarily upon the question of whether under the agreement expenses like wages are payable on discharge. Title 301 of the agreement dealing with expenses does not appear to state when they are payable. Nevertheless plaintiff is required to submit this question to the administrative procedure under the provisions of title 102.6. "Grievances on the following enumerated subjects shall be determined by the grievance procedure established herein:

"(a) Interpretation or application of any of the terms of this Agreement; . . .

"(c) Disputes as to whether a matter is a proper subject for the grievance procedure."

Thus it is clear that plaintiff before bringing suit was required to exhaust the administrative remedy provided by the contract. Plaintiff erroneously contends that section 102.15 of the agreement gives him the right to bring suit on a grievance without first submitting the grievance to the arbitration committee established by the agreement. This section

provides: "Notwithstanding anything elsewhere contained in this Agreement, any individual employee shall have the right at any time to present grievances to Company and to have such grievances adjusted without the intervention of Union, provided that the adjustment shall not be inconsistent with the terms of this Agreement, and provided, further, that Union shall be given an opportunity to be present at such adjustment." This section is the same as the provisions found in 29 U.S.C.A., section 159(a), and was undoubtedly included in the agreement to reflect the federal provision. However, the above provisions and *Hughes Tool Co.* v. *National Labor Relations Board* (1945), 147 F.2d 69 [158 A.L.R. 1165], cited by plaintiff, do not stand for the proposition that an employee may by-pass the grievance procedure, but, on the contrary, seems to indicate that an employee as an individual may prosecute his grievance through the entire *grievance procedure* without the intervention of the union. The Hughes case did not involve the question of an individual employee but rather the question of whether a union which had been certified as the exclusive bargaining agent must prosecute a grievance of an employee who is a member of another union. In *Cone* v. *Union Oil Co., supra,* after stating the general rule hereinbefore mentioned that parties to a collective bargaining agreement must exhaust their internal remedies before appealing to the courts, the court said (p. 564): "This rule, which is analogous to the rule requiring the exhaustion of administrative remedies as a condition precedent to resorting to the courts [citation], is based on a practical approach to the myriad problems, complaints and grievances that arise under a collective bargaining agreement. It makes possible the settlement of such matters by a simple, expeditious and inexpensive procedure, and by persons who, generally, are intimately familiar therewith. [Citation.] The use of these internal remedies for the adjustment of grievances is designed not only to promote settlement thereof but also to foster more harmonious employee-employer relations. [Citation.] Such procedures which have been worked out and adopted by the parties themselves, must be pursued to their conclusion before judicial action may be instituted unless circumstances exist which would excuse the failure to follow through with the contract remedies. [Citations.]"

Plaintiff further contends that the payment of the $63 to him 27 days after his discharge conclusively shows that he

was not paid his wages in full when discharged, as required by section 201, Labor Code, and therefore an issue of fact has arisen as to whether the failure to pay at time of discharge was wilful in order to determine whether he is entitled in this action to the penalty provided by section 203.

 In his affidavit plaintiff states that this $63 was ''of the expenses withheld.'' Its payment 27 days after discharge is no evidence that the payment was wilfully withheld. Thus, whether it was payable immediately on discharge (if it were not, sections 201 and 203 could not apply—see *Sayre* v. *Western Bowl*, 76 Cal.App.2d 793, 799 [174 P.2d 466], where it was held in effect that the provisions of section 201 did not apply to a situation where a sum was due to plaintiff as a ''bonus'' but under the contract of employment it was not payable immediately on his discharge) depends upon an interpretation of the contract which requires the submission of the question to the administrative procedure. The test of the power to grant a summary judgment is whether the affidavits show that there are no triable issues of fact presented. (Code Civ. Proc., § 437c; *Cone* v. *Union Oil Co., supra,* 129 Cal.App.2d 558, 562; *Gillespie* v. *Hagan,* 94 Cal.App.2d 566, 571 [211 P.2d 9]; *Werner* v. *Sargeant,* 121 Cal.App.2d 833, 837 [264 P.2d 217].) Until plaintiff exhausted his administrative remedy under the contract there could be no issues of fact triable by a court.

The judgment is affirmed.

Peters, P. J., concurred.

(Mr. Justice Fred B. Wood, deeming himself disqualified, did not participate in the decision in this case.)