[Civ. No. 21342. First Dist., Div. Three. April 10, 1964.]

HENRY CORTEZ, Plaintiff and Appellant, v. CALIFOR-
NIA MOTOR EXPRESS COMPANY, LTD., Defendant
and Respondent.

Domenic J. Cannizzaro for Plaintiff and Appellant.

John B. Lauritzen for Defendant and Respondent.

SALSMAN, J.—Appellant filed suit against his employer, the respondent, California Motor Express Company, Ltd., seeking specific performance and damages for alleged breach of a collective bargaining agreement. Appellant also named his union, Local 85 International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, as a party defendant, but the union has never been served with summons and complaint and has not appeared in the action. Respondent California Motor Express Company, Ltd. moved for summary judgment. After hearing and a consideration of the affidavits of the parties, the court granted summary judgment in favor of respondent and this appeal followed.

Appellant alleged in his complaint that he was a member of Local 85, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America; that his union entered into a collective bargaining agreement with respondent employer; that the agreement contained this provision: "At no time while this Contract is in force shall an Employer discharge, suspend, discipline or otherwise deal unjustly with or discriminate against, whether directly or indirectly, any employee solely by reason of his having incurred a non-disabling physical handicap, provided a physician mutually agreed upon certifies in writing that he is physically able to perform his duties"; that the respondent employer breached the agreement and discharged appellant solely because of a non-disabling handicap; that respondent employer and union breached their obligations under the contract in that they failed and refused to procure a physician to certify whether appellant was physically able to perform his duties. Finally appellant alleged he had exhausted all remedies available to him under the collective bargaining agreement and further alleged his own full performance of the agreement. These allegations were followed by claims of damage and a prayer that the court order respondent to perform the terms of the agreement and that the court direct respondent (and the union) to select a physician capable of

certifying as to whether appellant is able to perform the duties of his employment.

Respondent's motion for summary judgment was supported by two affidavits, one by John Behner, an employee of California Trucking Associations, Inc., and the second by Gordon Kirby, an employee of the respondent. Appellant submitted his own affidavit in opposition to those of the moving party.

It appears from respondent's affidavits that a collective bargaining agreement exists between numerous unions (one of which is appellant's union) and California Trucking Associations, Inc., an organization of employers of which respondent is a member. The affidavit of John Behner incorporated a copy of the collective bargaining agreement. Article VII, section 2 of the agreement provides for a "Joint Council 7 Labor-Management Committee." This committee is composed of equal numbers of union and employer representatives. The agreement further provides in effect that no committee member shall serve in any dispute involving his union or employer. Disputes relating to discharge and suspension of union members are within the jurisdiction of the committee. Detailed provisions relating to grievance procedures are set forth in the agreement. It is specifically provided that a majority decision of this committee "shall be final and binding upon the parties."

Respondent's affidavits further reveal that upon discharge of appellant his union (defendant Local 85) disputed the discharge; that a hearing was held before Joint Council 7 Labor-Management Committee; that the committee adopted a motion that the "... union and company pick out an impartial doctor to examine Cortez, who will remain on the job, and the doctor must find as to whether Cortez is able to perform regular teamster work or not." That appellant's union and respondent agreed upon Dr. C. Clifford Hedberg to make the examination; that the doctor made his examination and returned a lengthy report which is attached to respondent's affidavit; that the doctor found appellant unable to perform regular teamster work; that after further hearing and consideration of the doctor's report Joint Council 7 Committee adopted a motion stating "That the man is not qualified and the discharge stands."

Appellant's affidavit asserts that respondent has breached the collective bargaining agreement in that the doctor selected to examine him was asked to determine "whether

Cortez is able to perform regular teamster work or not'', rather than ''perform his duties.'' Further allegations are to the effect that there is no such thing as ''regular teamster work'' and that the doctor appointed was never advised as to the nature and extent of appellant's duties as an employee of respondent. Appellant again alleged that he had exhausted all remedies and procedures available to him under the collective bargaining agreement.

Neither appellant's complaint nor affidavit makes any charge against Joint Council 7 Committee of fraud, corruption or failure to consider evidence presented to it. Appellant's basic complaint is that the doctor selected to examine him was not told to determine whether appellant could perform the duties of the job he was then holding, but was only told to ascertain if appellant could do ''regular teamster work.'' Appellant attempts to challenge the propriety of the decision of the committee, and we are therefore presented with the question whether, in view of the language of the agreement which makes decisions of Joint Council 7 Committee ''final and binding on the parties,'' appellant may relitigate the merits of his dispute in court. ▇ For reasons hereafter given we think appellant is bound by the decision of Joint Council 7 Committee and that its decision on the issue presented to it, at least in the absence of fraud, corruption or failure on the part of the committee to consider the evidence, is not open to attack in court.

An examination of the agreement between appellant's union and the respondent makes it clear that one of its purposes is to provide a prompt, orderly and just means of settling disputes between unions and employers and thus assure peace and stability in their industry. In matters relating to the discharge and suspension of union members, with which we are here concerned, the agreement is explicit in its safeguard of the rights of both employers and employees. Thus, Section 5 of the agreement sets up a detailed procedure relating to suspension and discharge of employees. It provides for notice to both employee and union in the event of suspension or discharge; for protection of the employee's job and right to pay while the dispute is pending; for a hearing before Joint Council 7 Committee, and for arbitration of the dispute in the event the committee is unable to agree upon a decision. Here, upon appellant's discharge, his union promptly lodged a protest with Joint Council 7 Committee. Hearings were held, a doctor appointed, an examination made of

appellant, and a report submitted, followed by a further consideration of the case by the committee. Appellant and his union participated fully in all of these proceedings. When by mutual agreement, a doctor was selected to examine appellant, and a standard fixed for the examination, appellant had a right to protest, or to suggest a different standard. When the doctor's report was presented to the committee appellant could have asked to present other evidence if so advised. At least half the committee membership was made up of teamsters such as appellant, presumably familiar with the duties of teamsters, and generally aware of the physical requirements of their calling. So far as the record discloses, appellant's case was submitted to the committee without protest and was fully adjudicated by the committee on its merits. The committee itself, by the express language of the collective bargaining agreement, is the chosen instrument for the definitive settlement of grievances between the parties, and it is entirely competent for them to agree, as they have, that the decision of the committee shall be final and binding. Where such is the case, it is not open to the courts to reweigh the merits of the controversy. (See *General Drivers, Warehousemen & Helpers, Local Union No. 89* v. *Riss & Co.*, 372 U.S. 517 [83 S.Ct. 789, 9 L.Ed.2d 918].) In *Silva* v. *Mercier*, 33 Cal.2d 704 [204 P.2d 609], a union and an employer entered into a collective bargaining agreement which set up a Trade Board for the settlement of disputes between the parties to the agreement. The agreement provided that the decision of a majority of the members of the board upon any matter referred to it pursuant to the terms of the agreement "shall be final and shall be enforced by the parties hereto." In considering the effect of such language the court said: "When an agreement provides for the determination by a third person or persons of some proper matter to be settled and that the decision shall be final, a submission to and determination by him or them of the matter is binding on the parties. That is true whether the arrangement is technically a common law or statutory arbitration or something akin thereto. (See, *Cockrill* v. *Murphis*, 68 Cal.App.2d 184 [156 P.2d 265]; *Rives-Strong Bldg.* v. *Bank of America*, 50 Cal.App.2d 810 [123 P.2d 942]; 3 Cal.Jur. 67-70.) As above seen, the contract in the instant case authorizes the 'Trade Board' to 'interpret' the contract, thus empowering it to give meaning to the phrase 'cessation of the present war.' There can be no escape from the conclusion that the

determination of said board is binding upon the parties to this action.'' (See also *Jenkins* v. *Wm. Schluderberg-T. J. Kurdle Co.,* 217 Md. 556 [144 A.2d 88]; *Cortez* v. *Ford Motor Co.,* 349 Mich. 108 [84 N.W.2d 523].)

In contending that an employee may bring an action for wrongful discharge on a collective bargaining agreement after the employee has exhausted all of his administrative remedies, appellant cites *Stroman* v. *Atchison, T. & S.F. Ry. Co.,* 161 Cal.App.2d 151 [326 P.2d 155], and *Hagin* v. *Pacific Gas & Elec. Co.,* 152 Cal.App.2d 93 [312 P.2d 356]. The cases cited may be distinguished from the one now before us. In *Stroman* v. *Atchison, T. & S.F. Ry. Co.* it does not appear that there was any committee or agency set up to adjudicate plaintiff's dispute and whose decision was to be final and binding on the parties. In *Hagin* v. *Pacific Gas & Elec. Co.* the court was never called upon to consider whether language in the collective bargaining agreement making decisions of a grievance committee binding upon the parties precluded court action, because plaintiff there had not exhausted administrative remedies available under the contract and hence summary judgment for the defendant was properly granted. Here, as we have noted, the committee set up by the unions and employers has fully adjudicated appellant's case and under the rule announced in *Silva* v. *Mercier, supra,* that decision is final and binding upon appellant and precludes further litigation of the controversy on its merits. (See Cox, *Rights Under a Labor Agreement,* 69 Harv. L.Rev. 601.)

The purpose of the summary judgment procedure is to determine whether there are any triable issues of fact remaining in the case. The rules by which the affidavits of the respective parties are to be tested are long settled and need not be repeated here. (See *Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 555-556 [122 P.2d 264]; *People* ex rel. *Mosk* v. *City of Santa Barbara,* 192 Cal.App.2d 342, 349-350 [13 Cal.Rptr. 423]; 2 Witkin, Cal. Procedure, pp. 1711-1717.)

Since under the agreement between the parties, appellant is bound by the findings and decision of Joint Council 7 Committee, no area of dispute remains which is reviewable on the merits, and the trial court's grant of summary judgment was therefore correct.

The judgment is affirmed.

Draper, P. J., and Devine, J., concurred.