[Civ. No. 21947.   First Dist., Div. One.   Feb. 25, 1965.]

MARGARET ZAK, Plaintiff and Appellant, v. STATE FARM MUTUAL LIABILITY INSURANCE COMPANY, Defendant and Respondent.

Matthew M. Fishgold for Plaintiff and Appellant.

Bledsoe, Smith, Cathcart, Johnson & Rogers and Robert A. Seligson for Defendant and Respondent.

SIMS, J.—Appellant appeals from a judgment entered for respondent following granting of the latter's motion to strike those causes of action in her complaint in which reference was made to respondent.

From the complaint it appears that the litigation arises out of an automobile accident which occurred on December 1, 1962. Plaintiff, appellant herein, was riding as a guest

in the vehicle of one Jones when it was struck by a vehicle operated by defendant Grassly and was then pushed into the vehicle of defendant Romick. As a result she suffered injuries for which she seeks to recover damages. The first cause of action alleges negligence of Grassly, the second that of Romick, and the third seeks relief against either or both. (See Code Civ. Proc., § 379c.)

In her fourth cause of action plaintiff refers to and incorporates the allegations of the first cause of action (against Grassly), and alleges that there was in force and effect a policy of automobile insurance issued by respondent,[1] and that she was "an insured" under said policy of insurance. She quotes the provisions of the policy entitled "COVERAGE U—Damages for Bodily Injuries Caused by Uninsured Automobile," which conclude: ". . . provided for the purposes of this coverage, determination as to whether insured or such representative is legally entitled to recover for damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company, or, if they fail to agree, by arbitration." She alleges on information and belief that Grassly was operating an uninsured automobile, and then states, "That a dispute has arisen between plaintiff and defendant [naming respondent] as to whether the said defendants [naming Grassly and numerous fictitious defendants as set forth in the first cause of action] are uninsured and as to whether or not the provisions of Coverage U of said policy of liability insurance are applicable to this dispute, and as to the amount of plaintiff's damages." It is finally alleged: that the same facts as will have to be established to determine the liability of the individual defendants will have to be established to resolve any claims against respondent; that such procedure will be burdensome and time consuming if required before two separate tribunals; that medical testimony and medical evaluation will be necessary to determine the nature and extent of her personal injuries; and that she seeks the aid of the court to avoid multiplicity of actions and proceedings.

The fifth cause of action incorporates all of the foregoing allegations and refers to a policy of automobile liability insurance issued to the plaintiff by the defendant Farmers Insurance Exchange (not a party to this appeal) with a similar

[1]Though named below and herein as State Farm Mutual Liability Insurance Company, respondent's brief reflects the true name of State Farm Mutual Automobile Insurance Company, and that the insurance in question was issued to Jones, the host, and covers the car he was operating.

uninsured motorists clause. She alleges that she is entitled to recover on this policy on certain contingencies and that she should not have to establish such claim separately.

The prayer, insofar as respondent is concerned, is as follows: "2. That the defendants STATE FARM MUTUAL LIABILITY INSURANCE COMPANY and FARMERS INSURANCE EXCHANGE be declared by this Court to be bound by the judgment against said remaining defendants;

"3. That a determination be made as to whether the said MARSHALL PERSHING GRASSLY was an uninsured motorist under the terms of said policies of insurance hereinabove referred to;

"4. That the liability of each and both of said insurance companies be determined and that plaintiff have judgment against said defendants-insurance companies in the sum of TEN THOUSAND DOLLARS. . . ."

To the foregoing respondent interposed its demurrer and its motion to strike the fourth and fifth causes of action and any reference to State Farm Mutual Liability Insurance Company on the ground that those portions of the complaint contain irrelevant matter. Respondent cited Code of Civil Procedure, section 453; Insurance Code, section 11580.2, subdivision (e); and *State Farm etc. Ins. Co.* v. *Superior Court* (1956) 47 Cal.2d 428 [304 P.2d 13] in support of its motion. In its points and authorities it pointed to the arbitration provisions of its policy as set forth in the complaint and alleged that the matter was being handled as an arbitration matter.

At the hearing on the demurrer and motion plaintiff's attorney filed an affidavit setting forth that plaintiff had offered to arbitrate and had named an arbitrator to that end, that respondent had failed, refused, and neglected to name an arbitrator, and had waived its right to arbitration. The affidavit refers to two letters from plaintiff's attorney to respondent's claims agent as being attached thereto. These letters are part of the record and reflect an original notice and claim to respondent dated February 26, 1963, and a demand for arbitration and appointment of an arbitrator dated April 11, 1963. The record contains two other letters, which from the clerk's transcript appear to be part of the affidavit, but which are not referred to therein. The first indicates that on July 26, 1963, the attorneys for respondent requested that plaintiff give her deposition as a statement under oath in support of her claim, and that she furnish proof that Grassly was uninsured at the time of the accident. In the second, dated August 14,

1963, plaintiff's attorney advised respondent's attorneys that suit had been filed and that the deposition could be taken in connection with the suit. He acknowledged that since the tortfeasor was in fact uninsured the dispute should be resolved by the arbitration clause of respondent's policy.

At the hearing in the trial court the demurrer was ordered off calendar, and the motion to strike was granted. The reporter's transcript reveals that argument of the respective attorneys as to whether the arbitration clause precluded suit or whether it had been waived was rendered irrelevant because the court summarily determined that such issue was improperly before it on the basis of the *State Farm* case, *supra,* 47 Cal.2d 428. Judgment was thereafter entered for defendant for its costs.

At the hearing before this court it was stipulated that respondent had conceded at all times since making the motion that the provisions of its policy covered plaintiff.

It is concluded, as set forth below, that the court erred in striking the allegations on the grounds stated; that the order and judgment cannot be sustained on the grounds that the controversy is arbitrable; but must be remanded for a determination of that question and for appropriate proceedings by stay, or otherwise, thereafter.

In *State Farm etc. Ins. Co.* v. *Superior Court, supra,* 47 Cal.2d 428, the court granted a writ of mandamus to compel the trial court to sever a declaratory relief action from a personal injury action which had been consolidated with it for trial. An examination of the facts of that case indicates that it is concerned with the lower court's exercise of discretion under Code of Civil Procedure, section 1048, governing severance and consolidation of actions as authorized "whenever it can be done without prejudice to a substantial right." The decision points out that the joint trial would put the petitioner in the position of arguing inconsistent positions, and would inject the question of insurance coverage into the personal injury action. The opinion recites: "It is therefore clear that the declaratory relief action and the personal injury actions could not be consolidated for trial 'without prejudice to a substantial right' of petitioner, and that the trial court abused its discretion in ordering such consolidation." (47 Cal.2d at p. 432.)

It may be assumed that under similar circumstances it would be an abuse of discretion to refuse to sever the trial of several causes of action which are originally joined in one action. It

does not follow, however, that an action may not be commenced for personal injuries against those primarily liable joining therein those allegedly secondarily liable in separate causes of action. The controlling sections of the Code of Civil Procedure are: Section 427 governing joinder of causes of action which in subdivision 8 permits joinder of "Claims arising out of the same transaction, or transactions connected with the same subject of action; . . ." and sections 379, 379a, 379c and 383 which deal with the question of what persons may be named as defendants. These sections have been construed as permitting joinder of a surety or an insurer where the benefits of the contract directly run to the plaintiff. (*Kane* v. *Mendenhall* (1936) 5 Cal.2d 749, 753-755 [56 P.2d 498]; *Grier* v. *Ferrant* (1944) 62 Cal.App.2d 306, 312-314 [144 P.2d 631].)[2] The foregoing authorities have been relied upon in interpreting the provisions of section 442 of the Code of Civil Procedure as authorizing the filing of a cross-complaint against a person allegedly primarily liable be he a codefendant (*Atherley* v. *MacDonald, Young & Nelson* (1955) 135 Cal.App.2d 383, 387 [287 P.2d 529]), or a new party (*Roylance* v. *Doelger* (1962) 57 Cal.2d 255, 260-261 [19 Cal.Rptr. 7, 368 P.2d 535], quoting *Atherley, supra*). In the last case the court points out the distinction between joinder of causes of action and parties and consolidation or severance of issues for trial as follows: "Moreover cross-defendants' argument that the issues tendered by the cross-complaint are 'much more complicated' than those raised by the pleadings as between plaintiff and defendant and that defendant is 'not entitled as a matter of right to have them tried together,' is, of course, met by the provisions of section 1043 of the Code of Civil Procedure. That section declares that 'An action may be severed and actions may be consolidated, in the discretion of the court, whenever it can be done without prejudice to a substantial right.' Thus, although defendant was entitled to file the subject cross-complaint and the order striking it was erroneous, the trial court may sever the matters for trial if it determines to do so

---

[2]See also: *Butler* v. *Sequeira* (1950) 100 Cal.App.2d 143, 146-147 [223 P.2d 48], and *Connell* v. *Clark* (1948) 88 Cal.App.2d 941, 945 [200 P.2d 26]. The principle of *Girard* v. *Commercial Standard Ins. Co.* (1944) 66 Cal.App.2d 483 [152 P.2d 509] and cases referred to therein, wherein action against the insurer of the tortfeasor is prohibited until recovery of a judgment against the tortfeasor whom the insurer agreed to indemnify, is not applicable in view of the direct contractual relationship herein alleged to exist between plaintiff and respondent. (*Rupley* v. *Huntsman* (1958) 159 Cal.App.2d 307, 311-312 [324 P.2d 19].)

in the interests of justice.'' (57 Cal.2d at pp. 261-262; see also *Simon Hardware Co. v. Pacific Tire etc. Co.* (1962) 199 Cal. App.2d 616, 619 [19 Cal.Rptr. 12]; Code Civ. Proc., §§ 379b and 597; and *Griggs* v. *Transocean Air Lines* (1960) 176 Cal. App.2d 843 [1 Cal.Rptr. 803] in which § 597 was applied.)

Despite the inapplicability of the principles of the *State Farm* case to the pleadings, the record should be examined to determine whether the judgment of the lower court is in truth erroneous.   ''The fact that the action of the court may have been based upon an erroneous theory of the case, or upon an improper or unsound course of reasoning, cannot determine the question of its propriety.   No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.'' (*Davey* v. *Southern Pac. Co.* (1897) 116 Cal. 325, 329 [48 P. 117]; see also *Yarrow* v. *State of California* (1960) 53 Cal.2d 427, 437-439 [2 Cal. Rptr. 137, 348 P.2d 687].) In applying this rule to this case where the relevancy of the pleadings was put in issue by respondent's motion to strike, guidance is furnished by the rules governing consideration of a judgment entered following the sustaining of a demurrer. These rules are reviewed and set forth in *Weinstock* v. *Eissler* (1964) 224 Cal.App.2d 212, 223-226 [36 Cal.Rptr. 537]. Paraphrasing the conclusion in that case it may be said here that the question is not whether or not the judgment of dismissal is supportable under the *State Farm* case, but whether or not the motion to strike may be sustained on either of the general grounds urged below. (See 224 Cal.App.2d at p. 226.)

   Insofar as the hearing on the motion to strike raised issues of fact not disclosed by the pleadings, consideration must be given to an exception to the general rule that the ruling itself and not the reasons therefor is the sole concern on appeal.   Where the record reflects that the trier of fact has not considered a theory under which the evidence is conflicting, the reviewing court cannot rely on that theory to sustain the action of the lower court. (*Kyne* v. *Kyne* (1943) 60 Cal.App.2d 326, 332-334 [140 P.2d 886]; *Gosnell* v. *Webb* (1943) 60 Cal.App.2d 1, 5 [139 P.2d 985]; *Smith* v. *Fetterhoff* (1956) 140 Cal.App.2d 471, 473-475 [295 P.2d 474]; *Healy*

v. *Brewster* (1963) 59 Cal.2d 455, 464-465 [30 Cal.Rptr. 129, 380 P.2d 817] ; *People* v. *Frank* (1964) 225 Cal.App.2d 339, 342 [37 Cal.Rptr. 202] ; and see *Bailey* v. *Fosca Oil Co.* (1960) 180 Cal.App.2d 289, 293-295 [4 Cal.Rptr. 474].)

Plaintiff has alleged that a dispute has arisen with respondent as to whether or not one of the motor vehicles involved was in fact uninsured, as to whether or not the provisions of Coverage U of said policy of liability apply to this dispute, and as to the amount of plaintiff's damages. ██ That an action will lie to determine whether uninsured motor vehicle coverage exists cannot be questioned (see *Taylor* v. *Preferred Risk Mutual Ins. Co.* (1964) 225 Cal.App.2d 80 [37 Cal.Rptr. 63] ; and *Interinsurance Exchange of Auto. Club* v. *Bailes* (1963) 219 Cal.App.2d 830, 832 [33 Cal.Rptr. 533] ).

██ Respondent's references to subdivision (e) of section 11580.2 of the Insurance Code[3] and to the provisions for arbitration revealed by the complaint itself are not of themselves sufficient to show that the complaint either fails to state a cause of action against respondent, or that the allegations of the fourth and fifth causes of action are irrelevant and redundant within the meaning of section 453 of the Code of Civil Procedure. The dispute alleged by plaintiff conceivably could be resolved on one of several ways with different consequences depending on the manner in which it was determined. If, contrary to the facts as they appear from the record, it was determined that the motor vehicle in question was insured or for other reasons the coverage afforded by respondent's policy did not embrace plaintiff's claimed loss, the action should be dismissed as to respondent. If, however, it is determined that the policy covers the loss, and the right to arbitration has not been lost by waiver or revocation of the agreement, the court could order arbitration and stay further proceedings. (See Code Civ. Proc., §§ 1281, 1281.2, 1281.4, 1281.6, 1292.4 and 1292.8, and discussion below regarding stay or dismissal.) On the other hand, if it is determined that the policy covers the loss but that the agreement to arbitrate has been waived or revoked, plaintiff is entitled to proceed to litigate in court the questions of the liability of the uninsured motorist and the amount of her damages. (*Bertero* v. *Superior*

---

[3]Ins. Code, § 11580.2, subd. (e) provides: ''The policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration.

*Court* (1963) 216 Cal.App.2d 213, 221 [30 Cal.Rptr. 719];
*Grunwald-Marx, Inc.* v. *Los Angeles Joint Board, Amal-
gamated Clothing Workers* (1961) 192 Cal.App.2d 268, 280
[13 Cal.Rptr. 446]; and see *Interinsurance Exchange of Auto.
Club* v. *Bailes, supra,* 219 Cal.App.2d 830, 834; *Publicists
Local 818* v. *National Screen Service Corp.* (1960) 183 Cal.
App.2d 491, 497-498 [7 Cal.Rptr. 238]; *Local 659, I.A.T.S.E.*
v. *Color Corp. of America* (1956) 47 Cal.2d 189, 194-195 [302
P.2d 294]; *Case* v. *Kadota Fig. Assn.* (1950) 35 Cal.2d 596,
606 [220 P.2d 912]; and *Trubowitch* v. *Riverbank Canning
Co.* (1947) 30 Cal.2d 335, 339 [182 P.2d 182].)

Appellant urges that the record below shows a waiver of
the arbitration clause by respondent's failure to appoint an
arbitrator. Respondent points out that the delay was justi-
fiable on the grounds that it sought proof that the condition
giving rise to the operation of its coverage, i.e., lack of insur-
ance on the vehicle of Grassly, existed. █ Generally,
whether or not an arbitration clause has been waived is a
question of fact to be determined by the trial court. (*Loscalzo*
v. *Federal Mut. Ins. Co.* (1964) 228 Cal.App.2d 391, 396
[39 Cal.Rptr. 437]; *Bertero* v. *Superior Court, supra,* 216
Cal.App.2d 213, 219; *Homestead Sav. & Loan Assn.* v. *Su-
perior Court* (1961) 195 Cal.App.2d 697, 701 [16 Cal.Rptr.
121]; *Grunwald-Marx, Inc.* v. *Los Angeles Joint Board, Amal-
gamated Clothing Workers, supra,* 192 Cal.App.2d 268, 277;
*Local 659, I.A.T.S.E.* v. *Color Corp. of America, supra,* 47
Cal.2d 189, 196; and *Tas-T-Nut Co.* v. *Continental Nut Co.*
(1954) 125 Cal.App.2d 351, 355 [270 P.2d 43].) *Bertero,
supra,* indicates that where the record before the superior court
establishes waiver as a matter of law, it is an abuse of discre-
tion to stay the civil action and compel the parties to arbitrate.
On the other hand, *Loscalzo, supra,* and *Tas-T-Nut Co., supra,*
hold that where the record fails to show waiver as a matter of
law it is error to refuse to stay proceedings in the civil suit
and order arbitration. The record before us suggests a case
falling within the latter category. Nevertheless, deference to
the rule alluded to above which governs cases where the lower
court has not passed on factual questions suggests restraint in
passing on this issue. As pointed out above the question was not
passed upon below, there was no motion to stay, only a motion
to strike, and because, as hereinafter pointed out, a reversal is
necessary, the matter is left for determination by the trial
court in appropriate proceedings in accordance with the views
expressed in the authorities to which reference has been made.

Respondent's contentions assume that if the arbitration clause is applicable and valid the judgment of dismissal is proper. There is authority for the proposition that where the controversy is arbitrable, arbitration is a condition precedent. Therefore, failure to arbitrate precludes the bringing of an action and necessitates a judgment for the party prematurely sued. (*Griggs* v. *Transocean Air Lines, supra,* 176 Cal.App.2d 843, 847; *Hagin* v. *Pacific Gas & Elec. Co.* (1957) 152 Cal. App.2d 93, 98 [312 P.2d 356]; *Williams* v. *Pacific Elec. Ry. Co.* (1956) 147 Cal.App.2d 1, 6 [304 P.2d 715]; *Cone* v. *Union Oil Co.* (1954) 129 Cal.App.2d 558, 563-564 [277 P.2d 464]; *Clogstan* v. *Schiff-Lang Co., Inc.* (1935) 2 Cal.2d 414, 416-417 [41 P.2d 555]; *Davisson* v. *East Whittier Land etc. Co.* (1908) 153 Cal. 81, 83-85 [96 P. 88].) In each of the cases last cited the moving plaintiff had either expressly or impliedly repudiated the agreement to arbitrate. In this case plaintiff sought a determination of the applicability of the contract provisions. The record reflects, regardless of any question of waiver, that on August 6, 1963, when the action was filed respondent was insisting on proof of Grassly's lack of insurance. Plaintiff was entitled to secure a judicial determination of that fact. The jurisdiction of the court having been called into play, not in spite of, but because of the contract in question, the court should not surrender jurisdiction upon it appearing, after resolution of the question of the applicability of the contract, that the remaining matters at issue may be subject to arbitration. It is uncontroverted that plaintiff has in fact advised respondent of the appointment of an arbitrator. Despite respondent's informal manifestations of a desire to arbitrate, until it has in fact appointed an arbitrator and the two have appointed a third the aid of the court may be needed. The facts alleged and the general prayer that "the liability of each and both of said insurance companies be determined . . ." appears to be broad enough to justify plaintiff in seeking whatever assistance may be necessary from the court to enforce her rights whether through arbitration, or directly through further court proceedings if the right to compel arbitration is determined to have been waived or revoked.

Under the facts presented the pleadings should not have been stricken, and the judgment cannot be sustained. The statute governing the matter suggests that the appropriate remedy is to move for a stay of proceedings. (Code Civ. Proc., § 1292.8; and see *Government Employees Ins. Co.* v. *Brunner* (1961) 191 Cal.App.2d 334, 339 [12 Cal.Rptr. 547], in refer-

ence to former Code Civ. Proc., § 1282 and for use of stay in general: *Homestead Sav. & Loan Assn.* v. *Superior Court, supra; Grunewald-Marx, Inc.* v. *Los Angeles Joint Board, Amalgamated Clothing Workers, supra,* 192 Cal.App.2d at pp. 284-287; and *Tas-T-Nut Co.* v. *Continental Nut Co., supra.*)

It is concluded that the record fails to show that the allegations of the fourth and fifth causes of action insofar as they refer to respondent are irrelevant. It was error to grant the motion to strike.

The judgment appealed from is reversed.

Sullivan, P. J., and Molinari, J., concurred.